# Long v. Meinhard & Schaul.

### Assumpsit.

(Decided Jan. 20, 1910.    51 South. 753.)

*Limitation of Action; Evidence.*—Where the invoice showed that the goods were purchased July 6, 1900, and on the invoice appeared the words, "Terms, Nov. 1," and the suit was begun for the goods invoiced on Oct. 18, 1903, the account was not barred by the statute of limitations, so conclusively as to the authorize an affirmative charge for the defendant.

APPEAL from Houston Circuit Court.

Heard before Hon. H. A. PEARCE.

Assumpsit by Meinhard & Schaul against C. W. Long. Judgment for plaintiff and defendant appeals. Affirmed.

W. L. LEE, for appellant.—If the account matured on July 6, 1900, then it was barred by the statute of limitations at the time the suit was commenced, and no amendment could take it without the bar of the statute, for if it did the subject-matter of the suit was changed.—*Nelson v. First Nat. Bank,* 139 Ala. 578;

*King v. Avery,* 37 Ala. 69. And if the account matured in November, then there was a variance between allegata and probata.—*Williams v. McKissack,* 125 Ala. 544; *Gibson v. Clark,* 132 Ala. 370; *A. G. S. v. Hall,* 105 Ala. 599.

ESPY & FARMER, for appellee. No brief reached the Reporter.

McCLELLAN, J.—The only error assigned is based upon the refusal of the affirmative charge requested for the defendant. From the brief of appellant's counsel it appears that the basis for the insistence of error is the statute of limitations of three years. The goods were purchased by the firm of May & Long July 16, 1900. The suit was commenced October 18, 1903. At the top of the invoice of the goods purchased by the firm appears these words: "Terms Nov. 1st. * * *" This dating may have had reference to the November 1st succeeding the purchase. While inconclusive, of course, we think it was some evidence from which the jury could have found that the account was due at a point of time within three years prior to October 1, 1903. The court was, hence, correct in its refusal of the affirmative charge requested by defendant.

The original complaint fixed the making of the account on July 16, 1902. By amendment allowed, without objection, in the year 1908, the date of the making of the account was averred to be July 16, 1900. It is evident that the identical transaction was declared on in each instance; the difference in dates being an error in description merely.

The judgment of the court must be affirmed.

DOWDELL, C. J., and SIMPSON and MAYFIELD, JJ., concur.